UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST WILLIAM STILLER,

    Petitioner,                                        Case No. 1:02-cv-282

v                                                                                       HON. JANET T. NEFF

FABIAN LAVIGNE,

    Respondent.
_____/

**OPINION**

In 1997, a Michigan jury found Petitioner, Ernest W. Stiller, guilty of second degree murder, in violation of MICH. COMP. LAWS § 750.317, and the unauthorized practice of medicine, in violation of MICH. COMP. LAWS § 333.16294. The trial court sentenced Petitioner to concurrent terms of eight to twenty years imprisonment and two to four years imprisonment for the respective convictions. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, *see People v. Stiller*, 617 N.W.2d 697 (Mich. App. 2000), and the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Stiller*, 626 N.W.2d 412 (Mich. 2001).

Petitioner brought his first petition for a writ of habeas corpus essentially claiming that his conviction was a miscarriage of justice because he is innocent of the charges for which he was convicted. This Court dismissed the petition without prejudice for failure to exhaust available state remedies. Petitioner did not appeal. In 2002, Petitioner again petitioned for habeas relief. The

magistrate judge recommended that Petitioner's petition be denied. On February 27, 2004, this Court adopted the magistrate judge's report and recommendation without objection from Petitioner. Petitioner did not appeal. (*see* Dkt 100) On April 12, 2004, the Court denied Petitioner's Motion for Relief from Judgment, in which Petitioner argued the February 27, 2004 should be vacated due to fraud and lack of jurisdiction (Dkts 95, 96).

In 2006, Petitioner sought leave from the Sixth Circuit Court of Appeals to file a second or successive habeas corpus petition with the district court. The Sixth Circuit denied his petition, finding that he had failed to meet the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(b). (Dkt 100)

This matter is now before the Court on Petitioner's Motion to Reopen Judgment pursuant to FED. R. CIV. P. 60(b)(4). Petitioner argues that he must be relieved from the April 12, 2004 Judgment due to several instances of fraud on the court. However, Petitioner has neither properly alleged nor provided any evidence of fraud. Absent any fraud on the court, Petitioner's only arguments are based on insufficiency of evidence, and are barred by the AEDPA. Accordingly, the Court denies his motion.

As a preliminary matter, Petitioner has improperly framed his motion as a Rule 60(b)(4) motion to vacate a "void judgment." FED. R. CIV. P. 60(b)(4) provides that a court may relieve a party from a judgment if the judgment is void. The Sixth Circuit Court of Appeals has held, "'[i]n the interest of finality, the concept of void judgments is narrowly construed.' Accordingly, 'only judgments that show a jurisdictional defect on the face of the record are classified as void judgments.'" *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 907 (6th Cir. 2006) (quoting *Hooks v. Hooks,* 771 F.2d 935, 949 (6th Cir. 1985)). Petitioner's brief states that the judgment against him

2

is void for "fraud on the court." Because Petitioner has failed to allege any jurisdictional defect, his reliance on subsection (4) of Rule 60(b) is misplaced.

Although Petitioner titles his motion as a Rule 60(b)(4) motion, he also cites the savings clause of Rule 60(d). (Dkt 101 ¶3) This clause recognizes the power of the court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). Petitioner appears to equate a motion under Rule 60(b)(4) with a motion under Rule 60(d), arguing that his judgment is "void for fraud on the court." (Dkt 102 at *iv*)

Even assuming that Petitioner's motion is properly framed under Rule 60(d) as fraud on the court, Petitioner has not demonstrated that such fraud existed. Fraud on the court is defined as "conduct 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Carter v. Anderson*, No. 96-00426, ___ F.3d. ___, 2009 WL 3486383 at *3 (6th Cir. October 30, 2009) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). Petitioner "has the burden of proving the existence of fraud on the court by clear and convincing evidence." *Id.* (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Petitioner has failed to meet this burden.

It is questionable whether Petitioner has provided clear and convincing evidence of any of the above elements of fraud on the court. At the very least, he has failed to do so with regard to the last element, that the Court actually be deceived by the alleged fraud. Petitioner argues that the Attorney General adopted fraudulent arguments and testimony from Petitioner's state court trial, thereby perpetrating a fraud on the habeas court. However, Petitioner does not assert, let alone

3

provide clear and convincing evidence, that this Court was actually deceived by this alleged fraud. Moreover, the Court addressed the alleged underlying fraud on the state court when it denied Petitioner's habeas petition. (Dkt 90 at 18-23) Because the Court was aware of and addressed this alleged fraud, Petitioner cannot argue that the Court was somehow deceived by the Attorney General. Petitioner has thus failed to demonstrate the existence of any fraud on the court.

Absent a showing of fraud, Petitioner's argument essentially is that the evidence is insufficient to sustain his conviction, an argument that is barred by the AEDPA as having been previously litigated. *See Gonzalez v. Crosby,* 545 U.S. 524, 529-30 (2005) ("[A]ny claim that has already been adjudicated in a previous petition must be dismissed"). In his first habeas petition, Petitioner raised substantially the same evidentiary issues that he presents in the current motion. The only difference is that he now alleges that the Attorney General committed fraud by presenting this insufficient evidence to the habeas court. Petitioner's argument is thus without merit, and his motion is denied.

Having denied Petitioner's motion on procedural grounds because it essentially amounts to a successive petition for habeas corpus, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A COA will therefore be denied.

As an alternative to his Motion to Reopen Judgment, Petitioner requests an evidentiary hearing and an order that the Attorney General "show cause why his office adopted the false 1997 testimony and Autopsy results of Medical Examiner Dr. Cohle as a response to Petitioner's Habeas Corpus Petition." (Pet. Br. 32). Petitioner demonstrates no grounds for providing such relief. Accordingly, these requests are denied.

An Order will be entered consistent with this Opinion.


Date: November 10, 2009                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge